Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor                                    JS−6
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #0918670)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4983
    Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>          Plaintiff,<br><br>    v.<br><br>**4 YOU APPAREL, INC.** doing business as<br> **E-GEN;**<br>**GOLDEN STREET, INC.** doing business as<br> **PAGE ONE;** and,<br>**I LOVE FASHION, INC.,**<br><br>           Defendants. | Case No.: CV 10 5779-AHM (CWx)<br><br><br><br><br>**CONSENT JUDGMENT** |

     Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and 4 You Apparel, Inc. doing business as E-Gen, Golden Street, Inc. doing business as Page One, and I Love Fashion, Inc. (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

     A.    The Secretary has filed a Complaint alleging that the Defendants violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

     B.    Defendants have appeared by counsel and acknowledge receipt of a copy of

1   the Secretary's Complaint.

2        C.    Defendants waive issuance and service of process and waive answer and
3   any defenses to the Secretary's Complaint.

4        D.    The Secretary and Defendants waive Findings of Fact and Conclusions of
5   Law, and agree to the entry of this Consent Judgment in settlement of this action, with-
6   out further contest.

7        E.    Defendants admit that the Court has jurisdiction over the parties and subject
8   matter of this civil action and that venue lies in the Central District of California.

9        It is therefore, upon motion of the attorneys for the Secretary, and for cause
10  shown,

11       ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers,
12  agents, servants, and employees and those persons in active concert or participation with
13  them who receive actual notice of this order (by personal service or otherwise) be, and
14  they hereby are, permanently enjoined and restrained from violating the provisions of
15  Section 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as
16  amended ("FLSA"), in any of the following manners:

17       1)    Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1),
18  transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or
19  sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is
20  intended) goods in the production of which any employee (of the Defendants or other(s))
21  has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or
22  overtime pay provisions (29 U.S.C. § 207);

23       2)    Defendants shall review with the owner or top management official of all
24  sewing contractors with whom they do business each of the following matters prior to
25  entering into any agreement with the contractor for its services and shall maintain docu-
26  mentation showing that the following matters have been reviewed:

27       A.    The terms of the FLSA, including the contractor's obligation to pay
28  minimum wage and overtime and maintain accurate records of the hours worked

**Consent Judgment** (Sol #1018733)                          **Page 2 of 10**

1  by and wages paid to its employees;

2      B.    Whether the proposed price terms are such that the contractor will be

3  able to comply with the FLSA's minimum wage and overtime requirements;

4      C.    The sewing contractor's willingness and ability, in light of the con-

5  tractor's prior compliance history, involvement in the industry and financial re-

6  sources, to understand and comply with the FLSA;

7      D.    The Defendants shall oblige the sewing contractor to inform Defen-

8  dants immediately whenever the contractor is unable to meet the requirements of

9  the FLSA;

10      E.    The Defendants will require the contractor to maintain true and accu-

11  rate payroll records, and records of hours worked by all persons who work on

12  goods produced for the Defendants. The contractor shall make these records avail-

13  able to the Defendants and the U. S. Dept. of Labor upon request.

14  Defendants shall supply copies of the documentation required by this paragraph to

15  representatives of the Secretary of Labor upon their request;

16      3)    On at least an annual basis, Defendants shall hire an independent third party

17  to conduct a pricing analysis of a representative sample of the different types of gar-

18  ments produced by Defendants to determine the economic feasibility of Defendants'

19  pricing in light of the wage requirements of the FLSA.  Defendants shall maintain

20  documentation of this analysis and provide it to representatives of the Secretary of Labor

21  upon their request;

22      4)    Within 30 days of the entry of this Judgment, Defendants shall hire an in-

23  dependent third party to monitor its sewing contractors to enforce the contractors' com-

24  pliance with the FLSA.   The monitor shall not represent either the manufacturer or con-

25  tractor involved in this action in dealings with other parties or the Department of Labor.

26  The monitoring program shall include the following components:

27      a.  Random and unannounced site visits to the contractor, at least on a quar-

28  terly annual basis;

**Consent Judgment** (Sol #1018733)                                          **Page 3 of 10**

b.  Review of the contractor's timecards and payroll records on at least a quarterly annual basis;

c.  Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid;

d.  Disclosure to the contractor of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the contractor.

The monitor shall produce written reports of its findings which Defendants shall maintain for a period of three years.  Defendants shall supply copies of these reports to representatives of the Secretary of Labor upon their request;

5)  Defendants shall maintain copies of all cutting tickets issued to their contractors and make these records available for inspection upon request from the U. S. Dept. of Labor's Wage and Hour Division;

6)  Defendants shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of Nyna, Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, from funds previously put on deposit with the U.S. Department of Labor, Wage and Hour Division, an amount sufficient to pay to such employees the back wages due to them under the FLSA.  The amount hereby found due to these employees is $10,925.72 for the period from March 1, 2010 through June 1, 2010.  The attached Exhibit 1 shows the names of each employee, the period of employment covered by this Consent Judgment, and the gross backwage amount due to the employee;

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to

29 U.S.C. § 216(c); and, it is further

      ORDERED that the Defendants shall supply all of its sewing contractors with copies of the attached Exhibit 2, in English, Spanish and Korean, which summarizes terms of this Judgment and the employees' rights under the FLSA. Defendants shall ensure that its contractors distribute a copy of Exhibit 2 to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of its contractors' establishments; and it is further

      ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

      ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: ___August 11___, 2010

JS-6

                         _____

                         U.S. DISTRICT COURT JUDGE

For the Defendants:

The Defendants hereby appears, waives any
defense herein, consents to the entry of
this Judgment, and waives notice by the
Clerk of Court:

For: Defendants 4 You Apparel, Inc., Golden Street, Inc. and I Love Fashion, Inc.

By: _____    07/28/10.

    Joo Sung Son                  Date

Its: ___President_____

**Consent Judgment** (Sol #1018733)                   **Page 5 of 10**

1    LAW OFFICES OF DOO & CHONG

2

3    _____         8/2/10

4    ROBERT W. CHONG, Esq. (CSB 170450)      Date

     Law Offices of Doo & Chong

5    2596 Mission Street, Suite 302

6    San Marino, CA  91108

     Tel:  (626) 403-3332

7    Fax:  (626) 403-7733

8

9    For the Plaintiff:

10

11    M. PATRICIA SMITH

     Solicitor of Labor

12

13    LAWRENCE BREWSTER

     Regional Solicitor

14

15    DANIEL J. CHASEK

     Associate Regional Solicitor

16

17    _____       August 5 2010

18    SUSAN SELETSKY, Attorney          Date

     Attorneys for the Plaintiff

19    U.S. Department of Labor

20

21

22

23

24

25

26

27

28

**Consent Judgment** (Sol #1018733)                 **Page  6 of 10**

Exhibit 1

| Last name | First name | Period from | Period to | Gross amount due |
|---|---|---|---|---|
| Armas | Leono | 3/14/2010 | 5/9/2010 | $ 122.31 |
| Arturo | Adulfo | 3/7/2010 | 5/30/2010 | $ 101.72 |
| Batana | Catalina | 3/7/2010 | 5/30/2010 | $ 113.82 |
| Bautista | Jesus | 3/14/2010 | 4/4/2010 | $ 92.75 |
| Briseno | Gaspar | 3/14/2010 | 5/23/2010 | $ 94.62 |
| Candelario | Antonio | 3/21/2010 | 4/11/2010 | $ 75.55 |
| Canete | Angelica | 3/7/2010 | 5/30/2010 | $ 91.38 |
| Carlos | Juan (1) | 4/25/2010 | 5/30/2010 | $ 123.78 |
| Carlos | Juan (2) | 3/7/2010 | 5/30/2010 | $ 371.86 |
| Carpintero | Felipe | 3/7/2010 | 5/30/2010 | $ 414.95 |
| Castillo | Gregorio | 3/7/2010 | 5/30/2010 | $ 145.10 |
| Celestino | Juana | 3/7/2010 | 5/30/2010 | $ 289.85 |
| Chiguil | Pedro | 3/7/2010 | 5/30/2010 | $ 298.95 |
| Chino | Ruben | 3/7/2010 | 5/30/2010 | $ 353.90 |
| Cite | Feliciano | 3/14/2010 | 5/30/2010 | $ 103.29 |
| Cite | Exequiel | 3/7/2010 | 5/30/2010 | $ 170.55 |
| Cruz | Elena | 3/7/2010 | 5/30/2010 | $ 327.07 |
| Diaz | Jose | 3/7/2010 | 5/30/2010 | $ 228.67 |
| Garcia | Francisco | 3/7/2010 | 5/30/2010 | $ 151.37 |
| Garcia | Maria | 3/7/2010 | 5/30/2010 | $ 125.94 |
| Garcia | Eusebio | 3/21/2010 | 5/30/2010 | $ 255.45 |
| Garcia | Carlos | 3/7/2010 | 5/30/2010 | $ 159.37 |
| Garcia | Tomas | 3/7/2010 | 5/30/2010 | $ 55.82 |

**Consent Judgment** (Sol #1018733)

| | | | | | |
|---|---|---|---|---|---|
| 1 | Garcia | Francisca | 3/7/2010 | 5/30/2010 | $ 384.51 |
| 2 | Gonzalez | Lucrecia | 3/7/2010 | 5/30/2010 | $ 290.99 |
| 3 | Gonzalez | Pedro | 4/4/2010 | 5/30/2010 | $ 117.32 |
| 4 | Gonzalez | Dolores | 4/4/2010 | 5/30/2010 | $ 283.45 |
| 5 | Gonzalez | Anibal | 3/7/2010 | 3/28/2010 | $ 108.67 |
| 6 | Hernandez | Arnulfo | 4/4/2010 | 5/30/2010 | $ 107.20 |
| 7 | Hernandez | Felipe | 3/7/2010 | 5/30/2010 | $ 132.94 |
| 8 | Hernandez | Santos | 3/28/2010 | 5/30/2010 | $ 160.79 |
| 9 | Hernandez | Rosa | 3/21/2010 | 5/30/2010 | $ 49.16 |
| 10 | Hernandez | Catarina | 3/7/2010 | 5/30/2010 | $ 220.01 |
| 11 | Hernandez | Benito | 3/7/2010 | 5/30/2010 | $ 102.95 |
| 12 | Hernandez | Pedro | 3/7/2010 | 3/21/2010 | $ 91.12 |
| 13 | Lopez | Justino | 4/25/2010 | 5/30/2010 | $ 61.25 |
| 14 | Lopez | Carlos | 3/7/2010 | 5/30/2010 | $ 138.82 |
| 15 | Luciano | Jose | 3/7/2010 | 3/21/2010 | $ 79.42 |
| 16 | Maldonado | Luis | 3/14/2010 | 5/30/2010 | $ 121.32 |
| 17 | Martinez | Joel | 5/2/2010 | 5/16/2010 | $ 16.93 |
| 18 | Mendoza | Angela | 3/7/2010 | 5/30/2010 | $ 117.94 |
| 19 | Miguel | Ezequiel | 4/25/2010 | 5/30/2010 | $ 74.76 |
| 20 | Miguel | Juan | 3/14/2010 | 5/30/2010 | $ 301.83 |
| 21 | Nazario | Ubano | 3/21/2010 | 5/30/2010 | $ 326.45 |
| 22 | Natividad | Ramona | 3/7/2010 | 5/30/2010 | $ 133.75 |
| 23 | Pedraza | Benita | 4/4/2010 | 5/30/2010 | $ 240.44 |
| 24 | Perez | Ronald | 4/25/2010 | 5/30/2010 | $ 137.06 |
| 25 | Perez | Carmen | 4/4/2010 | 5/30/2010 | $ 205.49 |
| 26 | Perez | Josefina | 4/25/2010 | 5/23/2010 | $ 106.14 |
| 27 | Rios | Gloria | 3/7/2010 | 5/30/2010 | $ 367.12 |
| 28 | | | | | |

**Consent Judgment** (Sol #1018733)                                    **Page 8 of 10**

| | | | | | |
|---|---|---|---|---|---|
| Rocha | Mayra | 3/7/2010 | 5/30/2010 | $ | 115.31 |
| Rodriguez | Maria | 3/28/2010 | 5/23/2010 | $ | 123.25 |
| Rodriguez | Carolina | 3/7/2010 | 5/30/2010 | $ | 90.89 |
| Rosales | Liduvina | 3/21/2010 | 5/30/2010 | $ | 402.90 |
| Rosales | Lilia | 4/11/2010 | 5/16/2010 | $ | 141.67 |
| Rosario | Manuel | 4/11/2010 | 5/30/2010 | $ | 60.94 |
| Ruano | Brigidad | 3/7/2010 | 4/18/2010 | $ | 207.90 |
| Solis | Enrique | 4/4/2010 | 5/23/2010 | $ | 148.73 |
| Valle | Juana | 4/18/2010 | 5/23/2010 | $ | 36.85 |
| Vargas | Alberto | 3/7/2010 | 5/30/2010 | $ | 161.27 |
| Ventura | Cirilo | 3/7/2010 | 5/30/2010 | $ | 326.58 |
| Cristina | | 3/7/2010 | 5/2/2010 | $ | 130.64 |
| Elizabeth | | 3/7/2010 | 5/30/2010 | $ | 232.90 |

**Consent Judgment** (Sol #1018733)

<u>Exhibit 2</u>

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **4 You Apparel, Inc.**, a garment manufacturer, from shipping goods on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.  All employees who work in this establishment can help 4 You Apparel, Inc. not to violate the Court's Order.   **If you think you are not being paid in accordance with the law, call 4 You Apparel, Inc. at** 323-583-4242 Or, you can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.

**Consent Judgment** (Sol #1018733)                                         **Page  10 of 10**